[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant seeks to modify the order of child support entered at the time the parties were divorced in 1992 on both of the grounds provided for in Section 46b-86 (a); viz., that there has been a substantial change of circumstances and that the order constitutes a substantial deviation from the child support guidelines. Taking the second argument first, the guidelines worksheet provided by the defendant's counsel demonstrates that the present amount is in compliance with the guidelines. What the defendant is really seeking is a deviation from the guidelines on the basis of the "shared custody" criterion.
A family services report of June 13, 1996 defined more specifically the defendant's visitation rights and increased somewhat the minor child's time with her father. Defined broadly as in the guidelines; viz., "a situation in which the parents share the physical care and control of the child", the present allocation of time between the parties does constitute a shared custody arrangement. The plaintiff, however, still bears the major burden of the child's care and is the custodial parent; therefore, the deviation called for is a slight one.
The court does not find that the change effected by the family services report constitutes a substantial change of circumstances.
Therefore, the defendant's motion to modify is granted, and the weekly order of child support shall be $100, effective with the week of November 18, 1996. Payment shall continue to be by immediate wage execution, and the plaintiff shall prepare an amended wage execution order for the court's signature. Any excess wage withholding shall be refunded promptly by the plaintiff to the defendant.
BY THE COURT
SHORTALL, J.